CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

## IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF TEXAS
### ABILENE DIVISION

2013 MAR 29  PM 1: 39

DEPUTY CLERK

| | | |
|---|---|---|
| **CRYSTAL DELACRUZ,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | **Civil Action No. 1:12-CV-007-BL** |
| | § | **ECF** |
| | § | |
| **CAROLYN W. COLVIN,**[1] | § | |
| **Acting Commissioner of Social Security,** | § | |
| | § | |
| **Defendant.** | § | **Assigned to U.S. Magistrate Judge** |

## MEMORANDUM OPINION AND ORDER

**THIS CASE** is before the court upon Plaintiff's complaint filed January 23, 2012, seeking judicial review of the administrative decision of the Commissioner of Social Security which denied Plaintiff's application for supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff filed a brief in support of her complaint on July 13, 2012 (Doc. 22). Defendant filed a brief on August 13, 2012 (Doc. 23). The parties consented to having the United States magistrate judge conduct all further proceedings in this case on January 23, 2012 (Doc. 6), and March 29, 2013 (Doc. 24).

This court has considered the pleadings, the briefs, and the administrative record and finds that the Commissioner's decision reversed and that this matter should be remanded to the Agency for further administrative proceedings as further described herein.

---

[1]     Carolyn W. Colvin became Acting Commissioner of Social Security, effective February 14, 2013, and is therefore substituted as Defendant in this matter for Michael J. Astrue, per FED. R. CIV. P. 25(d)(1).

## I.   STATEMENT OF THE CASE

Plaintiff filed an application for supplemental security income benefits on July 17, 2009, alleging disability beginning June 30, 2009. Tr. 130-32. Tr. 37. Plaintiff's application was denied initially and upon reconsideration. Tr. 71-74, 76-78. Plaintiff filed a Request for Hearing by Administrative Law Judge ("ALJ") on March 18, 2010, and this case came for hearing before the ALJ on January 19, 2011. Tr. 33-68, 85-87. Plaintiff, with a representative, appeared and testified in her own behalf. Tr. 37-64. A vocational expert ("VE") appeared and provided expert testimony. Tr. 64-68. The ALJ issued an opinion that was unfavorable to Plaintiff on March 4, 2011. Tr. 12-32.

In his opinion, the ALJ noted that the specific issue was whether Plaintiff was under a disability within the meaning of the Social Security Act. The ALJ noted that a claim for disability insurance benefits, which was not before him, had been denied for lack of insured status. The ALJ found that Plaintiff had not engaged in substantial gainful activity at time relevant to the decision. Tr. 16.   The ALJ found that Plaintiff has a "severe" combination of impairments, including hypertension; diabetes; morbid obesity; osteoarthritic changes of the knees; likely intra-articular loose bodies of the knees; a bipolar disorder; and a personality disorder, not otherwise specified. *Id.* The ALJ found that Plaintiff's severe impairments, singularly or in combination, were not severe enough to meet or equal in severity any impairment listed in the Listing of Impairments, 20 C.F.R. Part 404, Subpt. P, App. 1, Tr. 15. The ALJ specifically addressed the criteria of Sections 1.02, 4.04, 9.08, 12.04, and 12.08 of the Listings. *Id.*   Therefore, the ALJ was required to determine whether Plaintiff retained the residual functional capacity ("RFC") to perform her past relevant work or other work existing in the national economy.

The ALJ evaluated Plaintiff's mental impairments under the part B and part C criteria described in 20 C.F.R. Part 404, Subpt. P, App. 1, § 12.00 of the Listing of impairments,  finding

that such impairments caused Plaintiff mild restrictions in her activities of daily living; mild difficulties in maintaining social functioning; moderate difficulties in maintaining concentration, persistence, or pace; with no episodes of decompensation and no documented evidence meeting any of the part C criteria.

The ALJ acknowledged that in making the RFC assessment, he must consider all symptoms, including pain, and the extent to which these symptoms can be reasonably accepted as consistent with the objective medical evidence and other evidence, based on the requirements of Social Security Ruling 96-7p (July 2, 1996)("SSR 96-7p"). Tr. 16-18. The ALJ noted Plaintiff's allegations regarding her symptoms and the limitations imposed therein. *Id.* The ALJ discussed Plaintiff's reports of her medical treatment and her activities of daily living and compared them with the objective medical evidence of record. *Id.* The ALJ addressed Plaintiff's reports of pain and swelling, limited ability to stand and walk, residual hand pain and decreased grip strength, and her mental impairments and treatment received therein. Tr. 17.

The ALJ found that Plaintiff has underlying medically determinable impairments which could reasonably cause the type of symptoms alleged. Tr. 18. The ALJ found that Plaintiff's testimony and allegations concerning the extent of her pain and functional limitations have limited credibility because they were inconsistent and were not reasonably supported by the objective medical evidence and other evidence of record. *Id.* The ALJ indicated that he had considered Plaintiff's activities of daily living, treatment, medication side effects, noncompliance, poor work history, and observations of third parties in making his credibility determination. *Id.* The ALJ specifically addressed Plaintiff's reports of monthly anxiety attacks for 15 years, which were not reflected in the record. Tr. 18. The ALJ noted that Plaintiff had undergone carpel tunnel release of the right hand in 2001 with subsequent resolution of her hand symptoms. *Id.* The ALJ noted that despite Plaintiff's reports

of swelling, the medical records did not reflect the same. Tr. 18. The ALJ discounted Plaintiff's allegations of subjective pain, noted that such allegations were inconsistent with Plaintiff's own reports to treating and examining medical providers. *Id.* The ALJ considered Plaintiff's intermittent lack of compliance with treatment, including medications for hypertension, diabetes, and bipolar disorder; blood testing for diabetes; and failure to follow exercise and diet recommendations. *Id.* The ALJ noted that he did not find Plaintiff's impairments to be disabling; thus, noncompliance was considered for the purpose of assessing credibility, rather than a determination of ineligibility for benefits. Tr. 19.

The ALJ also specifically noted Plaintiff's reports of caring for her personal needs, performing housework at times, going out two or three times per week, shopping, handling her finances, daily social activities with family and friends, using the computer, watching television, and otherwise being able to reach with her hands and get along well with others. Tr. 19, 20. The ALJ noted Plaintiff's report to the consultative examiner, Dr. Osborn, of caring for her personal needs, being limited in the performance of household chores because of knee pain, preparing meals for herself and her family, and handling cash in paying bills and making purchases. *Id.* The ALJ noted Dr. Osborn's report of Plaintiff's writing, reading and communication skills; ability to use the computer; adequate social skills; a fair ability to maintain pace, ask for assistance, maintain concentration and attention; and respond to others appropriately. Tr. 19-20. The ALJ further addressed Plaintiff's medical impairments and physical limitations, referring to the treating and exam notes of Dr. Gibson, MHMR, and Dr. Trifilo. Tr. 20-25. The ALJ also generally found the opinions of the non-examining State agency physicians credible and consistent with the evidence. Tr. 22.

The ALJ found that Plaintiff retained the residual functional capacity to perform the physical and nonexertional requirements of a range of light work, except that she cannot stand or walk over

15 minutes at any one time; she cannot climb ladders, scaffolds, or ropes; she cannot crouch; she can only occasionally climb ramps and stairs, knee, and crouch; she can frequently balance and stoop; and she can perform jobs involving detailed, but not complex, instructions. Tr. 17. In making his RFC finding, the ALJ described the weight given to the opinions of the treatment providers, the consulting examiners, the State agency medical consultants, and to the subjective allegations and testimony of the Plaintiff. Tr.17-26.

The ALJ found that Plaintiff was unable to perform any of her past relevant work. Tr. 26. He found that she was a "younger individual," with a limited education, and the ability to communicate in English. *Id.* The ALJ noted that transferability of job skills was not material to the determination of disability, and that application of the Medical-Vocational Rules, 20 C.F.R. § Part 404, Subpt. P, App. 2 ("the Grids") as a framework would direct a finding of "not disabled." Tr. 26-27. The ALJ indicated that because Plaintiff's additional limitations erode the unskilled light occupational base, the testimony of a VE was required. Tr. 27. The ALJ relied upon the testimony of the vocational expert, who indicated that a person of the Plaintiff's age, education, past relevant work experience, and residual functional capacity could perform work which exists in the national economy, including the jobs of parking garage cashier, office helper, and conveyor line worker. *Id.* The ALJ, therefore, concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time through the date of his decision. Tr. 27-28.

Plaintiff sought review of the hearing decision and order. Tr. 11. The Appeals Council issued an opinion denying review of the ALJ's hearing decision. Tr. 6-10. The ALJ's decision, therefore, became the final decision of the Commissioner. Plaintiff sought, and was granted, an extension of time to file a civil action. Tr. 1, 5. On January 23, 2012, Plaintiff commenced this

action which seeks judicial review of the Commissioner's decision that Plaintiff was not disabled. (Doc. 2).

## II.   STANDARD OF REVIEW

An applicant may obtain a review of the final decision of the Commissioner by a United States district court. 42 U.S.C. § 405(g). The court's review of a denial of disability benefits is limited to determining whether the decision is supported by substantial evidence and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart,* 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala,* 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Masterson v. Barnhart,* 309 F.3d 267, 272 (5th Cir. 2002); *Watson v. Barnhart,* 288 F.3d 212, 215 (5th Cir. 2002). The court will not re-weigh the evidence, try the questions *de novo,* or substitute its judgment for the Commissioner's, even if the court believes that the evidence weighs against the Commissioner's decision. *Masterson,* 309 F.3d at 272. "[C]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Id.* (quoting *Newton v. Apfel,* 209 F.3d 448, 452 (5th Cir. 2000)).

In order to qualify for disability insurance benefits or SSI, a claimant has the burden of proving that he or she has a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. Substantial gainful activity is defined as work activity involving significant physical or mental abilities for pay or profit. *Newton,* 209 F.3d at 452; *see* 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1527(a)(1).

The Commissioner follows a five-step process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. § 404.1520; *Masterson,* 309 F.3d at 271; *Newton,* 209 F.3d at 453. In this case, the ALJ found at step 5 that Plaintiff was not disabled because

she retained the ability to other work which exists in significant numbers in the national economy. Tr. 31-32.

## III. DISCUSSION

Plaintiff claims that the ALJ erred in evaluating the consultative examinations, in finding that Plaintiff retains the RFC to perform a range of light work, and in finding that Plaintiff retains the ability to perform work at step 5 of the sequential evaluation process. The ultimate issue is whether the ALJ's decision is supported by substantial evidence. The court, therefore, must review the record to determine whether it "yields such evidence as would allow a reasonable mind to accept the conclusion reached by the ALJ." *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000).

### A. Whether the ALJ erred by failing to give appropriate weigh to the opinions of the consultative examiners.

Plaintiff argues that the ALJ erred by failing to give appropriate weight to the opinions of Drs. Trifilo and Osborn, consultative examiners, who indicated that Plaintiff would have difficulty lifting anything over 10 pounds and who indicated that Plaintiff experienced greater limitations caused by her mental impairments than is reflected in the physical and mental RFC determinations.

The claimant has the burden to prove that she is disabled within the meaning of the Social Security Act. *Fraga v. Bowen*, 810 F.2d 1296, 1301 (5th Cir. 1987). A physical or mental impairment is in turn defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The existence of an impairment does not in itself establish disability; a claimant is disabled only if he or she is "incapable of engaging in any substantial gainful activity." *Milam v. Bowen*, 782 F.2d 1284, 1286 (5th Cir.1986).

In determining whether a claimant's physical or mental impairments are of a sufficient medical severity as to be the basis of eligibility under the law, the ALJ is required to consider the

combined effects of all impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. *See* 20 C.F.R. § 404.1523. *Loza*, 219 F.3d at 393. If the ALJ finds a medically severe combination of impairments, "the combined impact of the impairments will be considered throughout the disability determination process." *Id.*

The term "residual functional capacity assessment" describes an adjudicator's finding about the ability of an individual to perform work-related activities. Soc. Sec. Ruling 96-5p (July 2, 1996) ("SSR 96-5p"). The RFC assessment is based upon "*all* of the relevant evidence in the case record," including, but not limited to, medical history, medical signs, and laboratory findings; the effects of treatment; and reports of daily activities, lay evidence, recorded observations, medical source statements, and work evaluations. Soc. Sec. Ruling 96-8p (July 2, 1996) ("SSR 96-8p") (emphasis in original). The ALJ is responsible for determining a claimant's RFC. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). In making the RFC assessment and in determining the limitations imposed by a claimant's impairment(s), the ALJ is instructed to consider the entire record. Soc. Sec. Ruling 96-7p (July 2, 1996) ("SSR 96-7p"). "The ALJ as factfinder has the sole responsibility for weighing the evidence and may choose whichever physician's diagnosis is most supported by the record." *Muse*, 925 F.2d at 790 (citing *Bradley*, 809 F.2d at 1057). The task of weighing the evidence is the province of the ALJ. *Chambliss*, 269 F.3d at 523. The relative weight to be given these pieces of evidence is within the ALJ's discretion. *Id.* However, in weighing the evidence, the ALJ is not free to reject the uncontroverted opinions of a treating physician regarding the limitations imposed by Plaintiff's impairments solely because he has a different interpretation of the evidence. *See Frank*, 326 F.3d at 622 (where the Fifth Circuit noted in dicta that the ALJ should not substitute his own medical conclusions about the effects of the claimant's impairments).

In his opinion, the ALJ indicated that he did not give great weight to the opinion of Dr. Trifilo, a consultative examiner, that Plaintiff would have difficulty lifting anything over 10 pounds. Tr. 21. The ALJ indicated that such limitation appeared to reflect Plaintiff's subjective allegations of pain in her hands and wrists. *Id.* The ALJ cited to the findings upon physical examination, rejected Plaintiff's subjective allegations, and indicated that he had instead given considerable weight to the non-examining State agency physicians who indicated that Plaintiff could lift and carry 20 pounds occasionally and 10 pounds frequently. Tr. 21-22.

The report of Dr. Trifilo's examination indicates Plaintiff's report of intermittent aching of the hands and wrists during weather changes and a history of right carpal tunnel release. Tr. 284. Dr. Trifilo noted Plaintiff's report of being able to lift about 10 pounds with full capability of mobility and full capability of manipulating objects. Tr. 285. He noted no swelling, no tenderness, no crepitation on range of motion, with positive Tinel's sign bilaterally. Tr. 286. Dr. Trifilo noted that his recommendation on capability to perform activities was correlated by these physical findings. Tr. 288.

In his opinion, the ALJ cited to the same findings, indicating that such findings do not support the opinion that Plaintiff would have difficulty lifting more than 10 pounds. However, Dr. Trifilo specifically indicated that the examination correlated to his recommendation. In addition, there is no contrary opinion by a treating physician as to Plaintiff's ability to perform the exertional requirements of light work activity, specifically occasionally carrying 20 pounds and frequently carrying 10 pounds.

The ALJ is responsible for determining a claimant's RFC. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). "The ALJ as factfinder has the sole responsibility for weighing the evidence and may choose whichever physician's diagnosis is most supported by the record." *Muse*, 925 F.2d

at 790 (citing *Bradley*, 809 F.2d at 1057). The task of weighing the evidence is the province of the ALJ. *Chambliss*, 269 F.3d at 523. The relative weight to be given these pieces of evidence is within the ALJ's discretion. *Id.* In weighing the evidence, the ALJ is not free to reject the uncontroverted opinions of a treating physician regarding the limitations imposed by Plaintiff's impairments solely because he has a different interpretation of the evidence. *See Frank*, 326 F.3d at 622 (where the Fifth Circuit noted in dicta that the ALJ should not substitute his own medical conclusions about the effects of the claimant's impairments).

The ALJ primarily relied upon the opinions of the non-examining physicians in determining Plaintiff's physical limitations and in declining to accept the exertional and non-exertional limitations noted by the consultative examiners. The ALJ also rejected Plaintiff's own testimony and reports of the limitations imposed by such impairments. The rejection of limitations noted by the consultative examiner and of Plaintiff's subjective testimony is problematic where, as here, there is no other opinion by a treating source as to such limitations. Reliance entirely upon the opinion of the non-examining State agency physicians to make a determination as to whether Plaintiff can perform a central requirements of work at a particular exertional level in the absence of a treating or other examining source on the same issue demonstrates that the ALJ's RFC determination is not supported by substantial evidence. The lack of evidence to support the ALJ's RFC finding is underscored where, as in this case, the claimant is found able to perform only a limited range of light work, and where the ability to perform work at a lower exertional level limit the number of jobs that could be performed.

The court finds that the ALJ erred in evaluating the opinion of the consultative examiner, and that the ALJ's RFC determination is not supported by substantial evidence. The court does not reach Plaintiff's additional claims of error. This matter should be remanded to the Agency for further

administrative proceedings, including further development of the record, to include a medical source opinion on Plaintiff's ability to perform work related activities, as needed; further consideration of Plaintiff's RFC determination; and further consideration of whether Plaintiff retains the RFC to perform work which exists in the national economy.

## IV.    CONCLUSION

Based upon the foregoing discussion of the issues, the evidence, and the law, the court finds that the Commissioner's decision is supported by substantial evidence in the record and should be **REVERSED**, and that this matter should be **REMANDED** to the Agency for further administrate action as described herein.  Judgment should be entered in favor of the Plaintiff.

**IT IS, THEREFORE, ORDERED** that the decision of the Commissioner is **REVERSED.**

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Social Security Administration for further administrative action as described herein.

**SO ORDERED.**

A judgment in accordance with this Memorandum Opinion and Order shall be entered accordingly.

**SO ORDERED.**

DATED this 29ᵗʰ  day of March 2013.

E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**